UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JOLI D PROPERTIES L L C** | **CASE NO. 2:21-CV-04462** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNDERWRITERS AT LLOYDS LONDON** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss Under FRCP 12(B)(6)" (Doc. 10) wherein Defendant, Certain Underwriters at Lloyd's London Subscribing to Policy No. CLICPKG 11455 ("Lloyd's") move to dismiss the instant lawsuit.

## BACKGROUND

The instant lawsuit involves the settlement of a hurricane suit wherein Plaintiff is seeking an additional $375,000 plus attorney's fees from Defendant because the settlement payment received by Plaintiff was late. Plaintiff owns several properties in Lake Charles, Louisiana that were insured by Lloyds during the relevant time period when Hurricane Laura made landfall causing damage to the properties.

Plaintiff disputed Lloyd's adjustment of the claims concerning the properties and filed suit on January 6, 2021.[1] The parties confected a confidential settlement agreement on July 30, 2021.[2] Plaintiff alleges that despite the language contained in Louisiana Revised

---

[1] Complaint, ¶ 12, Doc. 1.
[2] *Id.* ¶ 13.

Statute § 22:1892, which required that Lloyds issue payment to Plaintiff no later than August 30, 2021, Lloyd's waited until August 31, 2021, to write the settlement check(s).

Lloyd's overnighted the checks on August 31, 2021 to Lloyd's counsel, Musgrave, McLachlan, & Penn, LLC in New Orleans, Louisiana.[3] Plaintiff, through counsel, alleges that he made several requests for the tracking number but Lloyd's counsel refused to provide it.[4] As of September 9, 2021, Lloyd's counsel had not received the checks and thus offered to Plaintiff that they either wait for the checks or have the checks voided and then overnight them to Plaintiff's counsel.[5]

Lloyd's received the settlement checks from its client on September 14, 2021, which pursuant to § 22:1892, is 14 days late.[6] Lloyd's counsel delivered the checks to Plaintiff's counsel on September 15, 2021—15 days late.[7] Plaintiff is seeking a 50% penalty of the amount of the settlement agreement plus attorney fees.

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena*,

---

[3] *Id.* ¶¶ 17–18.
[4] *Id.* ¶ 19.
[5] *Id.* ¶ 21.
[6] *Id.* ¶ 22.
[7] *Id.* ¶ 23.

561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955.

## **LAW AND ANALYSIS**

Lloyd's moves to dismiss Plaintiff's claims under Louisiana Revised Statute 22:1892 based on its position that the Complaint improperly alleges penalties under § 22:1892. Lloyd's argues that Louisiana Revised Statute § 22:1973 obligates the payment of a settlement agreement within thirty days for first-party property damage claims. Lloyd's relies on *Katie Realty, Ltd. v. Louisiana Citizens Property Ins. Corp.*, 100 So.3d 324 (La. 2012), wherein the Louisiana Supreme Court held that penalties for alleged late settlement payments are not available under Louisiana Revised Statute § 22:1892. Thus, Lloyds maintains that any claim by Plaintiff under § 22:1892 should be dismissed.

Louisiana Revised Statute § 22:1973 provides that a "claimant may be awarded penalties … in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater," Louisiana Revised Statute § 22:1973(C), if an insurer knowingly "fail[s] to pay a settlement within thirty days after an agreement is reduced to writing." Louisiana Revised Statute § 22:1973(B)(2).

Louisiana Revised Statute 22:1892(A)(1) provides that failure to "pay the amount of any claim due any insured within thirty days after receipt of satisfactory proof of loss," Louisiana Revised Statute § 22:1892(A)(1), "when such failure is found to be arbitrary and capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured … as well as reasonable attorney fees and costs. Louisiana Revised Statute § 22:1892 (B)(1).

Plaintiff posits that the Louisiana Supreme Court decision in *Katie Realty* is not binding on this Court. Plaintiff argues that the application of the penalty provided by § 22:1892(B)(1) would entitle Plaintiff to fifty percent of the untimely paid settlement funds, which would dissuade a defendant's dilatory practices. Plaintiff remarks that should § 22:1973 apply instead of § 22:1892, the statute's $5,000 maximum penalty hardly provides incentive to pay settlements timely.

The sole issue before Louisiana Supreme Court in *Katie Realty* was which penalty statute is applicable for the late payment of a settlement agreement. After a complete and comprehensive analysis of the interpretation of the relevant statutory provisions, the court held that the proper statute under which to assess the penalties in that matter is Louisiana Revised Statute § 22:1973, which sets forth the affirmative duty to timely pay written settlement agreements and the corresponding penalty for breach of said duty.

The *Katie Realty* court distinguished between "proof of loss" in § 22:1892, which it interpreted to mean "proof sufficient to establish the amount due on an insurance claim," whereas a settlement "is not an insurance claim arising under a contract of insurance but is

a compromise that resolves the dispute over the insurance claim." *Katie Realty*, 100 So.3d at 331. *See Louisiana Civil Code article 3071* ("A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship.") "A written settlement agreement, therefore, constitutes proof of the amount due on the settlement of the claim, not the amount due on the insurance claim itself. As such, it is not sufficient to establish proof of a claim within the meaning of La.Rev.Stat. § 22:1892(A)(1)." *Id.*

Plaintiff argues that this Court should not follow the "illogical" reasoning in the *Katie Realty*. The Court disagrees and finds that the reasoning in the *Katie Realty* case is persuasive and the untimely payment of settlement is controlled by the provisions of Louisiana Revised Statute § 22:1973(B)(2) and (C).

Lloyd's also moves to dismiss Plaintiff's claims under § 22:1973 because its payment was made timely. Lloyd's maintains that following Hurricane Ida, Governor John Bel Edwards' Proclamation Number 170 JBE 2021 suspended all legal deadlines effective August 26, 2021 until September 24, 2021. Plaintiff posits that despite the time delays, Lloyd's waited until 32 days had passed before it wrote the settlement checks and did not direct them to plaintiff's counsel until September 15, 2021. The settlement payment was due 30 days after the parties reached an agreement in writing to settle the lawsuit on July 30, 2021. In other words, the checks were not written until one day after they were due, and then they were directed to Lloyd's counsel instead of directly to Plaintiff's counsel.

The Court is sympathetic to Lloyd's position that it was dealing with the aftereffects of Hurricane Ida. However, Lloyd's did not write the checks until one (1) day after the

deadline, and instead of mailing the checks to Plaintiff's counsel, Lloyd's mailed the checks to Defense counsel, which further delayed payment. These were choices that Lloyd's made which resulted in an untimely payment on the day the checks were written. As such, the Court is not persuaded by Defense counsel's arguments that it was justified in the late payments and/or that the Governor's suspension of legal deadlines would allow Lloyd's to escape its obligations under Louisiana Revised Statute § 22:1973.

## **CONCLUSION**

For the reasons set forth above, the Motion to Dismiss Under FRCP 12(B)(6) (Doc. 10) will be granted in part and denied in part. The Motion will be granted to the extent that Plaintiff's claims pursuant to Louisiana Revised Statute § 22:1892 will be dismissed. Otherwise, the motion is denied.

**THUS DONE AND SIGNED** in Chambers this 18th day of April, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**